UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION



FILED
SEP 0 7 2007

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| UNITED STATES OF AMERICA, | * | CR 06-40039 |
|---|---|---|
| Plaintiff, | * | |
| -vs- | * | MEMORANDUM OPINION |
| ANTENISHA JIMERSON, | * | AND ORDER DENYING MOTION |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Defendant Antenisha Jimerson filed what the Court interprets as a motion seeking to amend the criminal Judgment to state that she should serve the final six months of her incarceration in home confinement. (Doc. 190.) Defendant's lawyer, an Assistant Federal Public Defender, filed a document entitled "Clarification of Defendant's Request for Recommendation to Bureau of Prisons." (Doc. 192.) The Court will consider that pleading as part of Defendant's motion to amend the Judgment. Counsel clarifies that Defendant "is specifically requesting a recommendation to the BOP from the Court that Defendant spend at least the final six months of her imprisonment on home confinement."

Defendant points to no statutory authority which would allow the Court to amend the judgment in her criminal case in order to make the requested recommendation to the Bureau of Prisons, and the Court is not aware of any authority to grant such relief. There is no error under Federal Rules of Criminal Procedure 35(a) or 36 that would allow the Court to amend or correct the Judgment.

The Court notes that Congress gave the Bureau of Prisons and not the Courts the authority to ensure proper placement under pre-release conditions.

> **Pre-release custody.** – The Bureau of Prisons shall, to the extent practicable, assure that a prisoner serving a term of imprisonment spends a reasonable part, not to exceed six months, of the last 10 per centum of the term to be served under conditions that will afford the prisoner a reasonable opportunity to adjust to and prepare for the prisoner's re-entry into the community. The authority provided by this subsection may be used to place a prisoner in home confinement.

18 U.S.C. § 3624(c). The appropriate vehicle to challenge decisions by the Bureau of Prisons regarding community corrections placement is a habeas petition filed under 28 U.S.C. § 2241. *See, e.g., Fults v. Sanders*, 442 F.3d 1088 (8th Cir. 2006) (entertaining challenge to community corrections placement under § 2241); *Elwood v. Jeter*, 386 F.3d 842 (8th Cir. 2004) (same).

Defendant relies on *Fults* in support of her request for the recommendation that she serve her final six months of imprisonment in home confinement. In *Fults*, the Eighth Circuit invalidated a Bureau of Prisons regulation which limited a federal prisoner's placement in a community corrections center to the last ten percent of her prison sentence, not to exceed six months, because the regulation contradicted Congress's clear intent expressed in 18 U.S.C. § 3621(b) that all prisoner placement decisions be based on the five specific factors enumerated in that statute, not simply on the portion of time served. As set forth in this Court's opinion in a § 2241 action entitled *Lewis v. Whitehead*, 470 F. Supp. 2d 1043 (D.S.D. 2007), subsequent to the issuance of the *Fults* decision the Bureau of Prisons began following a different policy to determine community corrections placement. *See Lewis*, 470 F. Supp. at 1047-48. In *Lewis*, this Court held that the Bureau of Prisons did not act contrary to law as stated in *Fults* in considering inmates for release to a halfway house 11 to 13 months prior to their projected release and in restricting halfway house placements beyond 180 days to those cases demonstrating extraordinary justification.[1]

There is no showing that the Bureau of Prisons has acted contrary to law in regard to Defendant's placement. She was arrested on April 25, 2006 and sentenced to 60 months imprisonment on December 7, 2006, so she is not within 11 to 13 months of her projected release

---

[1] This Court's decision in *Lewis* is on appeal before the Eighth Circuit.

2

date. In any event, as stated above, the appropriate vehicle to challenge the Bureau of Prisons' placement decisions is a habeas petition filed under 28 U.S.C. § 2241.

In summary, this Court has no authority to amend Defendant's criminal judgment in order to recommend that the Bureau of Prisons place her in home confinement for the last six months of her sentence. Accordingly,

IT IS ORDERED that Defendant Antenisha Jimerson's motion to amend judgment, Doc. 190, is denied.

Dated this 7th day of September, 2007.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _____
(SEAL)    DEPUTY

3