UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

FILED
JUL 09 2008

CLERK

```
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
UNITED STATES OF AMERICA,           *    CR 06-40039
                                    *
        Plaintiff,                  *
                                    *
 -vs-                               *    MEMORANDUM OPINION
                                    *    AND ORDER DENYING MOTION
ANTENISHA JIMERSON,                 *
                                    *
        Defendant.                  *
                                    *
* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *
```

Defendant Antenisha Jimerson filed a pro se motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2). (Doc. 216.) Defendant's lawyer, Timothy Langley, an Assistant Federal Public Defender,[1] advised the court by letter dated May 7, 2008 that he reviewed Defendant's file and communicated with her prior to the filing of the pro se motion. Mr. Langley does not intend to file any pleadings regarding the pro se motion unless directed to do so by the Court.

Defendant was sentenced by this Court on December 7, 2006 after pleading guilty to conspiracy to distribute and possess with intent to distribute a controlled substance, crack cocaine. Defendant's imprisonment range under the advisory sentencing guidelines was 63 to 78 months.

---

[1] On January 30, 2008, Chief Judge Karen E. Schreier issued a Standing Order appointing the Office of the Federal Public Defender for the District of South Dakota to represent all defendants in this District who were convicted of a federal offense involving cocaine base on or after November 1, 1987, and who remain in the custody of the Bureau of Prisons. Two of the purposes of this appointed representation are:
    1.     To identify all persons with a claim for relief under the United States Sentencing Guidelines amendment affecting cocaine base which became effective November 1, 2007, and which was made retroactive by the Sentencing Commission on December 11, 2007, including persons who may have filed a pro se pleading for relief pursuant to this amendment.
    2.     To seek any available sentencing relief for such person, including sentencing relief pursuant to 18 U.S.C. § 3582(c).

After considering the sentencing factors at 18 U.S.C. § 3553, the Court varied from the guideline range and imposed the applicable 60 month statutory mandatory minimum sentence.

On November 1, 2007, the Sentencing Commission issued amendments to the crack cocaine guidelines which lowered sentencing ranges for most crack offenses by two offense levels. On December 11, 2007, the Commission voted to apply the crack amendments retroactively to cases in which the defendant was sentenced before November 1, 2007. The Commission also modified U.S.S.G. § 1B1.10, the guideline concerning retroactive application of amendments.

This Court has authority to reduce a sentence when the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. . . ." 18 U.S.C. § 3582(c)(2). The applicable policy statement issued by the Sentencing Commission, U.S.S.G. § 1B1.10, provides in relevant part:

(a) Authority.-

\* \* \*

(2) Exclusions.- - A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if-

\* \* \*

(B) [the crack cocaine sentence reduction amendment] does not have the effect of lowering the defendant's applicable guideline range.

(3) Limitation.- - Consistent with subsection (b), proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant.

U.S.S.G. § 1B1.10(a)(2)-(3).

Defendant states that, with a two level reduction pursuant to the crack amendments, her total offense level would be 24 and her revised sentencing range would be 51 to 63 months. In requesting

2

a sentence reduction, Defendant overlooks the fact that she is subject to a statutory mandatory minimum. When a case involves a statutory mandatory minimum sentence that exceeds the applicable guideline range, the statutory sentence becomes the guideline sentence. *See United States v. Johnson*, 517 F.3d 1020, 1024 (8th Cir. 2008) (crack amendments not applicable to defendant whose statutory mandatory minimum exceeded guideline range). Defendant's guideline sentence after application of the crack amendment is lower than the 60 month statutory mandatory minimum sentence, so her guideline sentence is not changed by the crack amendment. Rather, her guideline sentence is 60 months. *See id.* Consequently, a sentence reduction is not authorized under 18 U.S.C. § 3582(c)(2) because it is not consistent with the Sentencing Commission's policy statement at U.S.S.G. § 1B1.10(a)(2)(B) excluding a reduction if the crack amendment "does not have the effect of lowering the defendant's applicable guideline range." Accordingly,

.

IT IS ORDERED that Defendant Antenisha Jimerson's motion for a reduced sentence pursuant to 18 U.S.C. § 3582(c)(2), Doc. 216, is denied.

Dated this 9th day of July, 2008.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: 
(SEAL)        DEPUTY

3